```
_____
                              )
NKEM OKAFOR,                  )
                              )
           Plaintiff,         )
                              ) Civil Action No. 14-13605-PBS
           v.                 )
                              )
STATEBRIDGE COMPANY LLC, as   )
Servicer for Waterfall Victoria )
Mortgage Trust 2011-1; WATERFALL )
VICTORIA MORTGAGE TRUST 2011-1, )
DEUTSCHE BANK NATIONAL TRUST  )
COMPANY; QUANTUM LOAN SERVICING )
CORPORATION; WELLS FARGO NATIONAL )
ASSOCIATION as Trustee of     )
Waterfall Victoria Mortgage Trust )
2011-1 and Ocwen Loan Servicing )
LLP,                          )
                              )
           Defendants.        )
_____)
```

July 2, 2015

Saris, U.S.D.J.

### MEMORANDUM AND ORDER

Plaintiff Nkem Okafor brought suit against Defendant Statebridge Company LLC and others, alleging fraudulent, unfair, and deceptive conduct concerning the management and modification of his mortgage and the pending foreclosure upon his home (Docket No. 28). Okafor sought both damages and injunctive relief on the basis of these claims. For the following reasons, I **DISMISS** the case in its entirety with prejudice.

First, the plaintiff's attorney, Kenneth Onyema, was

1

substantially late to one court proceeding and entirely absent from another without justification. During the first hearing on the defendants' motion to dismiss on November 5, 2014, Mr. Onyema arrived nearly forty-five minutes late and stated only that there had been a miscommunication in his office regarding whether the case was, in fact, set to proceed. Docket No. 31, Hrg. Tr. 4-5. During the second hearing, nearly eight months later, Mr. Onyema simply did not show up, although the Court and counsel waited for one hour after argument was set to begin and reached out to Mr. Onyema by both telephone and email in the interim. Mr. Onyema subsequently contacted the courtroom clerk, inquiring as to the location of the Courthouse and stating that he was unclear which case the hearing concerned. Mr. Onyema offered no reason for his failure to attend the hearing, of which he had received ample advance notice.

In addition, the plaintiff has persistently failed to meet his discovery obligations and file requisite pleadings. Okafor did not appear at a scheduled deposition, despite the fact that counsel for the defendants had spoken to Mr. Onyema the previous evening. Nor has Okafor submitted a letter to the Court, detailing his employment status and ability to pay off his mortgage, as required at the scheduling conference. Furthermore, although the parties dispute whether Okafor ever submitted any discovery requests or interrogatories to the defendants, no such

documents appear on the CM/ECF online docket. Okafor also did not respond to Defendant Quantum's motion to dismiss, which the Court subsequently allowed without opposition. Docket No. 45. Only after entry of that judgment did Mr. Onyema contact the Court seeking leave to vacate the order, explaining that he "mistook" Quantum's motion for a previous motion to dismiss filed by other defendants, and that his failure to file an opposition was "totally out of inadvertence." Docket No. 49.

Finally, after a review of the pleadings, it is unlikely that any of Okafor's claims have merit. For one thing, Okafor's various allegations of fraud do not approach the level of particularity required by Fed. R. Civ. P. 9(b), and to the extent that Okafor characterizes the defendants' transfers of his mortgage as fraudulent, he may lack standing to challenge the foreclosure. See Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013) (mortgagor lacks standing to challenge validity of mortgage assignment where conveyance is fraudulent and merely voidable, not void). For another, the Court also reviewed the mortgage assignment documentation, which does not support a claim of fraudulent transfer. And although Okafor's allegation that the defendants strung him along with false offers of loan modifications might hold some water, he has not provided any evidence to support this claim, and the record as it stands betrays no such bad faith.

Due to counsel's repeated tardiness, Okafor's delinquence regarding his discovery obligations, and the weakness of his allegations on the merits, all claims against the defendants are **DISMISSED** with prejudice based on failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

/s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge
