## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| NKEM OKAFOR,<br><br>            Plaintiff,<br><br>       v.<br><br>STATEBRIDGE COMPANY LLC, as Servicer for Waterfall Victoria Mortgage Trust 2011-1; WATERFALL VICTORIA MORTGAGE TRUST 2011-1, DEUTSCHE BANK NATIONAL TRUST COMPANY; QUANTUM LOAN SERVICING CORPORATION; WELLS FARGO NATIONAL ASSOCIATION as Trustee of Waterfall Victoria Mortgage Trust 2011-1 and Ocwen Loan Servicing LLP,<br><br>            Defendants. | Civil Action<br>No. 14-13605-PBS |

September 29, 2015

Saris, U.S.D.J.

### **MEMORANDUM AND ORDER**

Plaintiff Nkem Okafor brought suit against Defendant Statebridge Company LLC and others, alleging fraudulent, unfair, and deceptive conduct concerning the management and modification of his mortgage and the pending foreclosure upon his home (Docket No. 28). Okafor sought both damages and injunctive relief on the basis of these claims. Based on Okafor's counsel's litigation conduct and the weakness of the case on the merits, I dismissed the suit with prejudice based on failure to prosecute

pursuant to Fed. R. Civ. P. 41(b). Okafor now seeks to vacate what he terms a default judgment against him (Docket No. 56). The defendants moved for sanctions under Fed. R. Civ. P. 11 (Docket No. 73). For the following reasons, I **DENY** both motions.

## DISCUSSION

Okafor incorrectly frames his motion as one to vacate a default judgment against him. As the docket indicates, the Order of Dismissal issued on July 2 was for failure to prosecute under Fed. R. Civ. P. 41(b). Accordingly, I will treat the motion as a motion to vacate a final judgment under Fed. R. Civ. P. 60(b). See, e.g., Jennings v. Rivers, 394 F.3d 850, 854-56 (10th Cir. 2005) (construing undenominated post-judgment request for relief from judgment based on attorney's mistake as Rule 60(b) motion). Under Rule 60(b), the court may relieve a party from a final judgment due to mistake, inadvertence, surprise, excusable neglect, or for any other reason that justifies relief.

As discussed in the Court's Order of Dismissal, Okafor's attorney was substantially late to one court proceeding and entirely absent from a second. He failed to respond to one defendant's motion to dismiss due to an oversight that he candidly admitted was "totally out of inadvertence." Docket No. 49. In addition, counsel has failed to meet discovery obligations and file pleadings as directed by the Court. Okafor did not appear at a scheduled deposition and never submitted a

letter to the Court detailing his employment status as mandated at the scheduling conference.

Okafor protests that he was not notified of the deposition and was unaware that his attorney had not filed pleadings or timely appeared before the Court. But the First Circuit has "turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client." Farm Constr. Servs. Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987), and "repeatedly held this type of counsel error to be inadequate to support a determination of excusable neglect within the meaning of Fed. R. Civ. P. 60(b)(1)." Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 101 (1st Cir. 2003). Counsel submitted an affidavit indicating that illness prevented his attendance at the most recent hearing. Even if true, his other errors remain.

In any case, Okafor's case is weak on the merits. The Order of Dismissal stated that Okafor's claims about false offers of loan modifications might be actionable. But according to Okafor's recent affidavit, counsel never advised him that the defendants had requested evidence of employment and income for the purposes of a mortgage modification. This undermines Okafor's allegations against the defendants and weakens his argument that they acted in bad faith. For these reasons, I **DENY** Okafor's motion to vacate (Docket No. 56). I also **DENY** the defendants' motion for sanctions pursuant to Rule 11. Although

the plaintiff's counsel's behavior has been problematic, it does not warrant sanctions in light of his affidavit that sickness prevented him from attending the last hearing.

                                              /s/ PATTI B. SARIS_____
                                              PATTI B. SARIS
                                              United States District Judge